IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIUS HARPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 16-cv-2171 |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | Judge John Z. Lee |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINON AND ORDER

Defendant Illinois Department of Corrections has moved to dismiss Plaintiff Demetrius Harper's complaint for lack of venue or, in the alternative, to transfer the case to the Central District of Illinois. *See* 28 U.S.C. §§ 1404, 1406. In its reply brief, the Department concedes that dismissal would not be in the interest of justice and pursues only transfer. The motion to dismiss is therefore denied. The motion to transfer, however, is granted for the reasons given below.

## DISCUSSION

Harper, who is African American, has sued his former employer, the Illinois Department of Corrections, for employment discrimination under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Harper, who was a corrections officer at Pontiac Correctional Center from 2011 to 2015, alleges that white correctional officers and supervisors engaged in shocking displays of racism and that,

ultimately, he was fired because of his race. All events relevant to Harper's claims took place in Pontiac, Illinois, which is in the Central District of Illinois.

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Harper argues that venue is proper here in the Northern District of Illinois because the Department (which operates facilities all over Illinois) resides here, satisfying § 1391(b)(1). The Department does not contest that it is a resident of this district.

But even when an action has been brought in a proper venue, the Court may "[f]or the convenience of parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The Department has moved to transfer this case to the Central District of Illinois, and Harper does not dispute that this action might have been brought there.

Whether to grant a motion for transfer of venue is a discretionary matter. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010). In deciding transfer motions, courts weigh several factors relating to the

"convenience" and "interest of justice" requirements of § 1404(a). The convenience (or "private") factors include "the availability of and access to witnesses," "each party's access to and distance from resources in each forum," "the location of material events, "the relative ease of access to sources of proof," and, of course, the relative "hardship for the parties themselves." *Research Automation, Inc.*, 626 F.3d at 978. The interest of justice (or "public") factors include "docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *Id.* (citations omitted).

Unless the balance of factors "'is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" *In re Bridgestone/Firestone, Inc.*, 420 F.3d 702, 704 (7th Cir. 2005) (*quoting Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). "Rarely, however, is not never," *In re Nat'l Presto Indus.*, 347 F.3d 662, 664 (7th Cir. 2003) (citing *Chi., Rock Island & Pac. R.R. Co. v. Igoe,* 220 F.2d 299, 305 (7th Cir.1955)), and the plaintiff's choice of forum, "has minimal value where none of the conduct complained of occurred in the forum selected by the plaintiff," *Chi., Rock Island & Pac. R.R. Co.,* 220 F.2d at 304; *see also A&R Logistics Holdings, Inc. v. Curl*, No. 15 C 7106, 2015 WL 5561179, at *4 (N.D. Ill. Sept. 21, 2015) (granting motion to transfer because defendant's alleged bad acts occurred in another district, private factors weighed in favor of transfer, and public factors were neutral). It is undisputed that none of the conduct Harper complains of occurred in

3

the Northern District of Illinois, meaning that his choice of forum is entitled to substantially less weight than it otherwise would be.

Beginning with the "private" factors, the Department argues that each favors transfer. The likely witnesses "currently work or worked at Pontiac, and presumably would live in that area as well." Mot. Transfer at 5. Additionally, "[i]nformation regarding the Plaintiff's employment" will be at Pontiac or in Springfield, which is also in the Central District. *Id.* at 4–5. And, as discussed above, the material events all took place in Pontiac.

Harper counters that the convenience of witnesses should not weigh heavily because the witnesses in question are all employees of the Department. Resp. Br. 4–5. As he points out, the "convenience of employee witnesses typically is not given significant weight." *Rosman Adjustment Corp. v. Bernay*, No. 12 C 8239, 2013 WL 453197, at *3 (N.D. Ill. Feb. 6, 2013).

Although the convenience of witnesses employed by a party is entitled to little independent weight, the convenience of such witnesses should still be considered as a component of the parties' own convenience. *See, e.g.*, *Hyatt Corp. v. Pers. Commc'ns Indus. Ass'n*, No. 04 C 4656, 2004 WL 2931288, at *4 (N.D. Ill. Dec. 15, 2004) (considering the location of employee-witnesses when analyzing the convenience of the parties). With this understanding, the presence of these employee-witnesses in the Central District favors transfer because the Department will be inconvenienced if it must bring employees from Pontiac to the Northern District to testify. This factor would favor Harper if transferring the case would

4

simply transfer the Department's inconvenience to him—a "tie is awarded to the plaintiff," *Nat'l Presto Indus.*, 347 F.3d at 665—but Harper has not indicated where he resides, so his personal inconvenience cannot be weighed.

Also in regard to these witnesses, Harper offers that his attorneys are willing to travel to wherever the witnesses live for depositions, thereby reducing the Department's inconvenience during the discovery phase of the case. Resp. Br. at 4–5. And any potential inconvenience during trial itself should be disregarded, Harper contends, because the vast majority of cases are resolved before trial. *Id.* Finally, he points out that the case could be transferred to the Central District if it proves to be one of the few that goes to trial. *Id.* at 9. But the Court does not think that this case should proceed here under the assumption that no trial will be held. Nor would it be efficient for the case to proceed here and then be transferred to a new judge just before trial.

Another factor favoring transfer is that all relevant events took place in the Central District.[1] Harper argues that this factor is unimportant when other factors are neutral, citing cases in which a motion to transfer was denied despite that material events occurred in the district to which the moving party sought transfer. Resp. Br. at 6. *See CSM Fastener Prods. Co. v. E.J. Peck, Inc.*, No. 11 C 8307, 2012 WL 502959, at *5 (N.D. Ill. Feb. 15, 2012) (denying transfer to Michigan); *Rosman*

---

[1] Giving weight to this factor could seem like double counting, considering that the Court already concluded that the absence of any relevant events in the Northern District undermines the deference normally given to a plaintiff's choice of forum. But the two considerations are distinct. The lack of relevant events in the Northern District weighs in favor of transferring the case elsewhere, and the presence of all relevant events in the Central District weighs in favor of transfer there.

5

*Adjustment Corp.*, 2013 WL 453197, at *2 (denying transfer to California).[2] In these cases, however, some material events did take place outside of the district to which the moving party sought to transfer the case, *see CSM Fastener*, 2012 WL 502959, at *1 (contract at issue was executed in Illinois); *Rosman*, 2013 WL 453197, at *5 (alleged injury took place in Illinois), whereas in this case, everything occurred in Pontiac.

The remaining private factors are neutral. The Department argues that the location of relevant records weighs in favor of transfer, Mot. Transfer at 4–5, but this factor is irrelevant when the plaintiff already has possession of the documents he needs, *see Medrano v. Wexford Health Sources, Inc.*, No. 13 C 84, 2015 WL 4475018, at *5 (N.D. Ill. July 21, 2015), and Harper does, Resp. Br. at 6. Harper argues that the location of his attorneys in the Northern District should weigh against transfer, Resp. Br. at 5–6, but "the convenience to a plaintiff's counsel is not a proper consideration," *Von Holdt v. Husky Injection Molding Sys., Ltd.*, 887 F. Supp. 185, 190 (N.D. Ill. 1995).

Turning to the "public" factors, the Department again argues that each of them favors transfer. Mot. Transfer at 5–6. Although the Court agrees that the Central District has a closer relationship to the controversy, the other factors are neutral. Harper points out that speed to disposition is actually faster on average in the Northern District by two to three months, Resp. Br. at 7, but this difference is negligible.

---

[2] Harper also cites *St. Paul Fire & Marine Ins. Co. v. Franklin Bank, S.S.B.*, No. 06 C 2571, 2006 WL 3197727 (N.D. Ill. Nov. 3, 2006), for this proposition, but the motion to transfer in that case was actually granted.

6

Having considered the relevant factors, the Court concludes that transfer to the Central District is appropriate. The only reason this case is in the Northern District is that Harper chose to file it here. None of the events underlying his claims took place here, which means that his choice of forum is entitled to little deference. And other factors weigh in favor of transfer to the Central District, most notably that all relevant events took place there and the witnesses likely to testify at trial live there.

## CONCLUSION

For the reasons set forth above, the Court denies Defendant's motion to dismiss but grants its motion to transfer. [11.] This case will be transferred to the Central District of Illinois forthwith.

**SO ORDERED**  ENTER: 5/26/16

*/s/ John Z. Lee*

**JOHN Z. LEE**
**United States District Judge**